IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID COBBLE, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| MS. HILL, *Supervisor*; OFFICER D. RICHARDSON; and OFFICER M. VIDAL, | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-1305-RWS-RGV |
|    Defendants. | :: | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff David Cobble, presently confined in the Fulton County Jail in Atlanta, Georgia, has filed this pro se civil rights action, seeking monetary relief based on his allegation that he is being held pursuant to "an invalid and void arrest warrant." [Doc. 1]. Plaintiff has not paid the filing fee in this civil action and, thus, apparently seeks leave to proceed in forma pauperis.

A prisoner may not bring a civil action in federal court in forma pauperis "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has filed at least three prior cases while

incarcerated that were dismissed as frivolous or for failure to state a claim. See Cobble v. Governor of Georgia, No. 1:07-CV-0516-RWS (N.D. Ga. Mar. 29, 2007); Cobble v. Ault, No. 1:94-CV-1121-RCF (N.D. Ga. July 8, 1994); Cobble v. Newsome, No. 4:93-CV-0167-HLM (N.D. Ga. Aug. 25, 1993).[1]  Plaintiff does not allege a current imminent threat of serious injury in this case. [Doc. 1]. Therefore, pursuant to § 1915(g), plaintiff cannot proceed in forma pauperis in this action.[2]

---

[1] Dismissals under former 28 U.S.C. § 1915(d) count as strikes under § 1915(g). Perry v. Schack, No. 09-21771-CIV, 2009 WL 2369211, at *3 (S.D. Fla. July 31, 2009) (citing Medberry v. Butler, 185 F.3d 1189, 1192 (11 th Cir. 1999)), report and recommendation adopted at, *1.

[2] Even if this action is not barred by § 1915(g), it is subject to dismissal for failure to state a claim. Plaintiff fails to state a malicious prosecution claim because he cannot show that his pending state criminal prosecution has terminated in his favor. See Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003) (The elements of a constitutional malicious prosecution claim are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." (citation omitted)). Furthermore, the Court is precluded from interfering with the pending state prosecution, see Younger v. Harris, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."), and has no general power to issue writs of mandamus to direct state officials in the performance of their duties, see Brown v. Lewis, 361 F. App'x 51, 56 (11th Cir. 2010) (per curiam) (citing Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)).

When § 1915(g) bars a prisoner from proceeding in forma pauperis, "the proper procedure is . . . to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit." Id. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO RECOMMENDED**, this 28th day of April, 2016.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)