# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID COBBLE, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| MS. HILL, *Supervisor*; OFFICER D. | :: | |
| RICHARDSON; and OFFICER M. | :: | CIVIL ACTION NO. |
| VIDAL, | :: | 1:16-CV-1305-RWS |
| Defendants. | :: | |

## ORDER

This case is before the Court on plaintiff David Cobble's Objections [4] to the Final Report and Recommendation ("R&R") [2], which recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection,

the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A prisoner may not bring a civil action in federal court in forma pauperis "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff does not dispute that he has filed at least three prior cases while incarcerated that were dismissed as frivolous or for failure to state a claim. See Cobble v. Governor of Georgia, No. 1:07-CV-0516-RWS (N.D. Ga. Mar.

2

29, 2007); Cobble v. Ault, No. 1:94-CV-1121-RCF (N.D. Ga. July 8, 1994); Cobble v. Newsome, No. 4:93-CV-0167-HLM (N.D. Ga. Aug. 25, 1993).[1] Plaintiff further does not contend that he is under imminent danger of serious physical injury. Rather, plaintiff asserts that he did "not seek leave to proceed in forma pauperis," but maintains that he submitted a letter with his Complaint asking the Court "to attach his bank account and order branch manager to withdraw amount of filing fee for his complaint and mail it to Clerk of Court." (Objections at 1.)

However, plaintiff may not simply pay the filing fee after the Court has determined that the three strikes provision of § 1915(g) applies. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "He must pay the filing fee at the time he initiates the suit." Id. Furthermore, the docket does not show that plaintiff submitted a letter with his Complaint, and, in any event, the Court has no authority to order a private bank to pay plaintiff's filing fee.

---

[1] Dismissals under former 28 U.S.C. § 1915(d) count as strikes under § 1915(g). Perry v. Schack, No. 09-21771-CIV, 2009 WL 2369211, at *3 (S.D. Fla. July 31, 2009) (citing Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999)), report and recommendation adopted at, *1.

3

Accordingly, the Court **OVERRULES** the Objections [4], **ADOPTS** the R&R [2] as the opinion and order of the Court, and **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to § 1915(g). The Clerk shall close the case.

**SO ORDERED**, this _17th_ day of _May_, 2016.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)